UNITED STATES DISTRICT COURT

DISTRICT OF OREGON


JEREMIAH FOREMAN,

    Petitioner,

v.

JEREMY WAGNER, *Acting Superintendent*,

    Respondent.

Case No. 6:24-cv-01882-AB

OPINION AND ORDER

    Jeremiah Foreman
    20643266
    Oregon State Correctional Institution
    3405 Deer Park Drive SE
    Salem, OR 97310-9385

        Petitioner, *Pro Se*

    Nick M. Kallstrom
    Oregon Department of Justice
    1162 Court Street, NE
    Salem, OR 97301-4096

        Attorney for Respondent

1   - OPINION AND ORDER

## INTRODUCTION

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging his state-court convictions for Sodomy in the First Degree and Sexual Abuse in the First Degree. For the reasons that follow, the Petition (ECF No. 1) is denied.

## BACKGROUND

In February 2015, a Polk County Grand Jury indicted Petitioner with one count of Sodomy in the First Degree and one Count Sexual Abuse in the First Degree. Resp't Ex. 103. The victim was alleged to have been under 12 years of age when the crimes occurred. *Id*. Petitioner proceeded to a bench trial in May 2015.

The trial judge found Petitioner guilty on both counts. Resp't Ex. 105 at 4-5. The trial judge then sentenced Petitioner to 300 months imprisonment on the Sodomy conviction, pursuant to OR. REV. STAT. § 137.700(2)(b)(E) (requiring a mandatory 300-month prison term for convictions for Sodomy in the First Degree where the victim is under 12 years of age), and 75 months imprisonment on the Sexual Abuse conviction, to be served concurrently. *See* Resp't Ex. 105 at 8.

Petitioner appealed, assigning error to the trial court's imposition of a 300-month sentence, arguing that it was constitutionally disproportionate under the Oregon Constitution and constituted cruel and unusual punishment under the Eighth Amendment. Resp't Ex. 107 at 9-24. The Oregon Court of Appeals affirmed without opinion. Resp't Ex. 111. Petitioner sought review from the Oregon Supreme Court, which was denied. Resp't Exs. 109, 110.

Next, Petitioner filed for post-conviction relief ("PCR"). Resp't Ex. 114. With the assistance of appointed counsel, he amended his Petition to raise two ineffective assistance of trial counsel claims alleging failure to properly investigate the case and failure to adequately argue against the imposition of the 300-month sentence. Resp't Ex. 124 at 4-6.

The PCR court denied relief on each of Petitioner's claims in a written opinion. Resp't Ex. 147. Petitioner appealed only the PCR court's denial of his second claim for relief (regarding the imposition of a 300-month sentence). Resp't Ex. 149. The Court of Appeals affirmed the PCR court's judgment in a written opinion. *Foreman v. Miller*, 311 Or. App. 175 (2024); Resp't Ex. 151. The Oregon Supreme Court denied review. Resp't Ex. 153.

On July 2, 2024, Petitioner filed a petition for habeas corpus in state court, asserting seven claims of trial court error, irregularities in the trial and ineffective assistance of trial counsel. Resp't Ex. 157. The trial court denied issuance of the writ, explaining that Petitioner's claims "do not set forth any recognized basis for [state] habeas relief." Resp't Ex. 161 at 2. On September 10, 2024, the trial court issued a general judgment of dismissal, Reps't Ex. 164, and Petitioner did not appeal.

On October 22, 2024, Petitioner signed a *pro se* habeas corpus petition and initiated these proceedings. Pet. at 9 (ECF No. 1). He raises the same seven claims for relief that he attempted to raise in his petition for habeas corpus in state court.

Respondent asserts that the Petition is untimely, Petitioner's claims are otherwise procedurally defaulted, and the Petition should therefore be dismissed with prejudice. *See* Resp. (ECF No. 9). Although Petitioner's supporting memorandum was due on February 18, 2025, he has not filed any such brief.

**DISCUSSION**

I. **Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that a one-year statute of limitations applies to federal habeas corpus actions filed by state prisoners. The statute begins to run on the date on which the judgment of conviction became final after the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).

3   - OPINION AND ORDER

The limitations period is subject to statutory tolling during the pendency of a properly filed state post-conviction proceeding or other collateral review. 28 U.S.C. § 2244(d)(2). Time elapsed after the direct appeal is final and before state PCR filing, as well as time after final collateral disposition and before federal filing, counts against the year. 28 U.S.C. § 2244(d)(2). *Nino v. Galaza*, 183 F.3d 1003, 1006-07 (9th Cir. 1999).

In this case, the Oregon Supreme Court denied review of Petitioner's direct appeal in an order dated August 24, 2017. Resp't Ex. 110. Petitioner then had 90 days within which to seek a writ *certiorari* from the United States Supreme Court, but he declined to do so. U.S. Sup. Ct. Rule 13.1. Thus, his criminal conviction became final on November 22, 2017.

Petitioner filed his PCR Petition on July 20, 2018. Resp't Ex. 114. Between the date his conviction became final, and the date Petitioner initiated his state PCR proceedings, 240 days accrued against the AEDPA limitations period.

Petitioner's PCR Petition was denied and affirmed on appeal. The Oregon Supreme Court denied review in an order dated May 30, 2024. Resp't Ex. 153. Petitioner had 14 days within which to seek reconsideration of the Oregon Supreme Court's order, but he declined to do so. OR. R. APP. P. 9.25. Thus, his PCR Petition ceased to be pending on June 13, 2024.

The AEDPA limitations period recommenced on June 13, 2024, and continued to run until October 22, 2024, the date Petitioner signed the Section 2254 habeas petition filed with this Court. During that time, an additional 131 days accrued against the AEDPA limitations period.[1]

---

[1] Before filing the instant Petition, Petitioner filed a state petition for a writ of habeas corpus challenging his criminal proceedings and his trial counsel's performance at those proceedings. Resp't Ex. 157. However, claims collaterally attacking a judgment of conviction are not cognizable in state habeas proceedings. *See* OR. REV. STAT. § 138.540(1) (West). Therefore, Petitioner's state habeas petition does not constitute a "properly filed application for State post-conviction or other collateral review" and does not toll the one-year statute of limitations for the purposes of Section 2244(d)(2).

In sum, 371 days accrued against the AEDPA limitations period before Petitioner initiated this habeas action. As such, the Petition is not timely filed under Section 2244. Because Petitioner does not present evidence of equitable tolling or actual innocence to excuse his untimeliness, the Petition must be denied.

II. **Exhaustion and Procedural Default**

A. Legal Standard

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore*, 386 F.3d 896, 915–916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986)). If a petitioner failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S.

152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

    B.  <u>Analysis</u>

In the instant Petition, Petitioner asserts seven claims for relief:

Claim 1: The [trial] court handed down a conviction based on a belief rather th[a]n the legal standard of proof of beyond a reasonable doubt.

Claim 2: Trial court counsel was inadequate and ineffective by not hiring an investigator.

Claim 3: Trial court counsel was inadequate and ineffective by failure to object and strike testimony given by Mr. Dicky (Tr[ia]l court transcript pg l5-16) as hearsay statement.

Claim 4: Trial court counsel was inadequate and ineffective by failing to file a motion to strike recorded forensic child interview because witness was testifying when notice was given.

Claim 5: Petitioner was denied his right to a fair and consistent trial when the court failed to recognize Mr. Hobekosts objection (see trial transcript pg 74 lines 14-24)[.] This is plain error.

Claim 6: Trial court counsel was inadequate and ineffective by failing to prepare a defense (see tr[ia]l transcript 154-155).

Claim 7: Trial court counsel was inadequate and ineffective by failing to understand, [r]esearch and prepare a proper and thorough direct Appeal Brief.

*See* Pet. at 10-12. Petitioner did not advance any of these claims on direct appeal or on PCR appeal. *See* Resp't Exs. 107, 149. In this regard, he has failed to fairly present these issues to Oregon's state courts. *See* OR. REV. STAT. §§ 138.071 (requiring direct appeals to be filed within 30 days of entry of judgment of conviction); 138.650 (requiring appeals of PCR court judgments to be filed within 30 days of entry of judgment). Because the time for doing so passed long ago, these claims are now procedurally defaulted, and Petitioner has not attempted to excuse his default. Accordingly, even if the Petition had been timely filed, all of Petitioner's claims are procedurally defaulted and the Petition is denied in its entirety.

6    - OPINION AND ORDER

## **CONCLUSION**

For the reasons identified above, the Petition for Writ of Habeas Corpus (ECF No. 1) is denied. The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

05/27/2025

DATE

*Amy M. Baggio*

Amy M. Baggio
United States District Judge